UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESE M. MENTO,

                Plaintiff,

                v.                **Hon. Hugh B. Scott**

                                      08CV74S

                                        **Order**

JOHN E. POTTER, Postmaster General,

                Defendant.

Before the Court is defendant's motion to compel and seeking extension of the Scheduling Order (Docket No. 32[1]). Responses to this motion were due by March 1, 2010, with any reply due by March 8, 2010 (Docket No. 33; see also Docket No. 36). The motion was argued and decision reserved on March 15, 2010 (Docket No. 39).

Defendant also moved for an expedited hearing of this motion to compel (Docket No. 34), which was denied in part; instead, the deadlines of the current Scheduling Order (Docket Nos. 29, 30) were held in abeyance pending resolution of this motion (Docket No. 36).

**BACKGROUND**

This is a Title VII action against the United States Postmaster General, alleging sexual discrimination against plaintiff, a clerk at the United States Postal Service in Kenmore, New

---

[1] In support of this motion is defendant's attorney's declaration, Docket No. 32; defense counsel's declaration with exhibits in support of the motion (Docket No. 34) for expedited hearing, Docket No. 35; and defense attorney's reply declaration, Docket No. 38.
    In opposition, plaintiff submits her attorney's affidavit, Docket No. 37.

York (Docket No. 1, Compl. ¶¶ 9-10, 13-16, 28-29). Defendant answered on May 5, 2008 (Docket No. 5).

The Court entered, and then amended at the request of the parties, a Scheduling Order (Docket Nos. 13, 16, 18, 24, 29, 30). The current Fourth Amended Scheduling Order had plaintiff's expert disclosure due by January 29, 2010, defendant's expert disclosure by February 19, 2010, discovery to be completed by March 30, 2010, and dispositive motions filed by June 29, 2010 (Docket Nos. 29, 30).

*Defendant's Motion to Compel*

Defendant served Interrogatories and document demands upon plaintiff on January 8, 2009 (see Docket No. 32, Def. Atty. Decl. ¶ 6, Exs. A, B). After plaintiff failed to respond to these demands, defendant then moved for the first time to compel in July 2009 (Docket No. 19; see Docket No. 32, Def. Atty. Decl. ¶ 9, Ex. C). Plaintiff responded to the discovery demands and made her initial disclosures on July 27, 2009 (Docket No. 32, Def. Atty. Decl. ¶ 10, Exs. D, E). At defendant's request, this first motion was held in abeyance and a status conference was held (Docket Nos. 21, 23; see also Docket No. 32, Def. Atty. Decl. Ex. F). When the Third Amended Scheduling Order was entered, defendant's initial motion to compel was terminated (Docket No. 24). At plaintiff's request (Docket No. 26; see Docket No. 28 (defendant noting he had no objection)), the schedule was amended again to the current schedule (Docket Nos. 29, 30).

Defendant next reviewed plaintiff's discovery responses and found them to be "woefully inadequate" (Docket No. 32, Def. Atty. Decl. ¶ 12), concluding that plaintiff in some instances merely copied portions of her Complaint as responses (id. ¶ 13). Defense counsel wrote to

2

plaintiff's counsel detailing the deficiencies in plaintiff's response (id. ¶ 16, Ex. G; see also id. Ex. F). Current defense counsel followed up this correspondence with letters and a telephone call (id. ¶¶ 17-21, Exs. H, I, J).

Meanwhile, plaintiff's attorney's former firm was in the process of dissolution and her attorney formed a new firm and filed a consent to change attorney in this action (Docket No. 37, Pl. Atty. Aff. ¶¶ 17-19).

On January 19, 2010, defendant filed the pending motion to compel (Docket No. 32). There, defendant complains about the inadequacies in plaintiff's Interrogatory Answers and other production. First, Interrogatory # 4 requested plaintiff to identify each alleged act of discrimination (id., Def. Atty. Decl., ¶ 24, Ex. D). Plaintiff responded by reference to the documents produced by the parties in the administrative proceedings prior to commencement of this action and a repetition of the allegations asserted in the Complaint (id. ¶¶ 26-27, 30). Defendant complains that these were non-responsive and problematic, since the former requires review of almost 5,000 pages of documents without specifying where in that record were responsive items and the generic answers did not address the specific components of Interrogatory # 4 (id. ¶¶ 28-29, 31-32; see also Docket No. 35, Def. Atty. Decl. for Motion for Expedited Hearing ¶¶ 10-17 (criticizing plaintiff's amended Answers to Interrogatory # 4)). He also complains that some of the responses to Interrogatory # 4 were vague and required clarification and amplification (Docket No. 32, Def. Atty. Decl. ¶ 33). Next, he contends that these answers merely provide background and fail to allege discriminatory acts (id. ¶ 34). Defendant seeks plaintiff to redraft her Interrogatory answer (id. ¶ 39; see id. ¶¶ 46, 51 (seeking similar relief for Interrogatory answers to # 5 and 6)).

Interrogatory # 5 seeks plaintiff to give statements that manifest unlawful discrimination, harassment, and retaliation (id. ¶ 40, Ex. D). Instead, plaintiff furnished reference to the nearly 5,000 pages of produced documents and cross reference to her answers to Interrogatory # 4 (id. ¶¶ 41-42). Defendant concludes that this answer was not appropriate since these Interrogatories ask for two different things (discriminatory acts and discriminatory statements). Interrogatory # 6 sought itemization of plaintiff's damages, which plaintiff did not furnish (id. ¶ 47, Ex. D).

Defendant also sought medical authorizations from plaintiff in her maiden name in order to produce her medical records from the Niagara County Department of Health (id. ¶ 52). Plaintiff raised various privilege objections to her responses but failed to provide a privilege log (id. ¶¶ 54-55). Defendant also sought production of other particular items (id. ¶¶ 53, 57-59).

Plaintiff first responds that she attempted to produce while her attorney's former firm was in the process of dissolution and her case was transferred to her attorney's new firm (Docket No. 37, Pl. Atty. Aff. ¶¶ 17-19). On January 21, 2010, plaintiff provided authorizations to plaintiff's medical records in her maiden name, advised that a doctor sought by defendant had passed away and that she did not know the current custodian of his former office records, advised that she did not have personal statements of benefits for the periods requested or diary notes from 2003-07 (id. ¶ 20, Ex. C). She denied withholding any document on the basis of privilege (id.), hence did not produce a privilege log. She objected to producing her tax returns for 1999-2008, although she produced other wage documentation (id.). She sought defendant to withdraw this portion of his motion but he has not done so (id. ¶¶ 21-23). On January 27, 2010, plaintiff served her amended Interrogatory Answers (id. ¶ 24, Ex. D; see also Docket No. 35, Def. Motion for Expedited Hearing, Def. Atty. Decl. Ex. A), wherein she attempts to provide separate answers to

4

the acts (Interrogatory # 4) and statements (Interrogatory # 5) at issue in her claims (Docket No. 37, Pl. Atty. Aff. ¶¶ 26-27). She states that she is unable to distinguish between acts of discrimination and discriminatory statements, hence she provided a very detailed (32-page long) answers to these Interrogatories (id. ¶ 28) in answer to Interrogatory # 4, and refers to that answer in answering Interrogatory # 5. Plaintiff concludes that defendant "has received all the information which Plaintiff could otherwise provide him in response to these interrogatories. She has done so and has provided a verification of these answers" (id. ¶ 29). Next, plaintiff claims that she itemized her damages in response to Interrogatory # 6 (id. ¶ 31). Plaintiff sought withdrawal of this portion of defendant's motion to compel, but to no avail (id. ¶ 32). She concludes that this motion is meritless and should be denied (id. ¶¶ 34, 23, 33).

Defendant, however, faults plaintiff's amended Answers to Interrogatories (see also Docket No. 35, Def. Motion for Expedited Hearing, Def. Atty. Decl. ¶¶ 12-23, Ex. A), concluding that depositions of plaintiff and her husband cannot go forward because of these inadequate answers (id. ¶ 24). In his reply, defendant notes that plaintiff's answer to Interrogatory # 4 adds a qualifier "but not limited to" without disclosing the other, unmentioned instances plaintiff claims (Docket No. 38, Def. Atty. Reply Decl. ¶ 6). After explaining the distinction between "act" and "statement" (id. ¶¶ 9-16), defendant insists upon plaintiff identifying the statements she claims were discriminatory rather than have defendant search over thirty pages of her Answer regarding "discriminatory acts" to find such statements (id. ¶ 18). Defendant next faults plaintiff for providing (and then adding) estimated damage amounts in her Answer to Interrogatory # 6 (id. ¶¶ 20-24), and fails to answer subparts a.-e. for each claim (id.

¶¶ 25-26). In a footnote, defendant now withdraws his motion to compel the other discovery sought (id. ¶ 26 n.2).

Both parties seek extension of the Scheduling Order (Docket No. 32, Def. Atty. Decl. ¶¶ 60-63; Docket No. 38, Def. Atty. Reply Decl. ¶¶ 27-29; Docket No. 37, Pl. Atty. Aff. ¶ 35), but defendant now only seeks to extend discovery for him (Docket No. 38, Def. Atty. Reply Decl. ¶ 29).

**DISCUSSION**

I. Defendant's Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). Rule 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

The remaining issues are plaintiff's answers to three Interrogatories; other discovery relief sought was withdrawn (Docket No. 38, Def. Atty. Reply Decl. ¶ 26 n.2). Interrogatory # 4 sought disclosure of each act of discrimination alleged by plaintiff, while Interrogatory # 5 ask for each discriminatory statement alleged here. Interrogatory # 6 sought itemized damages.

A. Interrogatory # 4

This Interrogatory asked plaintiff to

> "identify and describe in full each act or omission, or series of acts or omissions, that you claim constitutes discrimination, harassment, retaliation and/or other violation of law entitling you to relief in this case, including without limitation the following information with respect to each act or omission:
> "a. the date(s) of each incident;
> "b. each person involved in each incident;
> "c. each other witness to the each incident;
> "d. a full and complete explanation as to why the act(s) or omission(s) constitute discrimination, harassment, retaliation and/or other violation of law, including the applicable legal theory(ies);
> "e. to the extent applicable, each similarly-situated employee you claim was treated more favorably than you, including such employee's tour, work location, job title and supervisor; and
> "f. the name(s), title(s), work location(s), and date(s) of contact for each agency official whom you contacted to report the alleged discrimination, harassment, retaliation and/or other violation."

(Docket No. 32, Def. Atty. Decl., Ex. A.)

Plaintiff's response, even in her amended Interrogatory Answer, provides an over 30-page narrative reminiscent of the allegations contained in the Complaint (compare Docket No. 37, Ex. D with Docket No. 1, Compl.) without breaking down each incident to address the subparts of the Interrogatory.

      B.      Interrogatory # 5

This Interrogatory asked plaintiff to

> "identify and describe in full each verbal or written statement that you claim manifests unlawful discrimination, harassment, retaliation, and/or other violation of law against you by past or present employees of the defendant, including without limitation
> "a. the author or speaker;
> "b. the date and place the statement was made;
> "c. the persons to whom the statement was directed;
> "d. the content of the statement in as much detail as possible;
> "e. the manner in which you became aware of the statement; and,
> "f. each other witness to the statement."

(Docket No. 32, Def. Atty. Decl. Ex. A.)

Plaintiff contends that she cannot distinguish discriminatory statements from acts and referred to the answer to Interrogatory # 4 to respond to Interrogatory # 5, also without addressing the response to the individual subparts of this Interrogatory. Plaintiff presented this answer to give context to the situations cited in her answer.

C.  Application

Plaintiff's narrative form in the most part answers the subparts posed in defendant's two Interrogatories. The close connection between discriminatory statements and acts here would make separate answers to these Interrogatories almost cumulative and burdensome. Further parsing out of plaintiff's responses to these subparts would be difficult, defendant is not so unduly burdened or prejudiced by plaintiff's answers to Interrogatories in this narrative form so as to require plaintiff to re-answer these Interrogatories. Although in oral argument, defendant stated that he did not need the background detail presented in plaintiff's answers, they are not surplusage that should be stricken. In this regard, defendant's motion to compel is **denied**.

Another area, however, is where plaintiff listed the instances of discrimination, harassment and/or retaliation that included, "but are not limited to" those described in her answers (Docket No. 37, Ex. D, Amended. Ans. to Interrog. # 4). Defendant thus does not know if plaintiff has identified all claimed instances of discriminatory acts or statements that are not brought up in the Interrogatory answers. Plaintiff **is ordered to supplement these Answers** to state whatever other claimed instances or statements of discrimination, harassment, and/or retaliation not already mentioned either in pleadings or in prior Interrogatory answers. She may supplement these answers either in the narrative format she has used in her current answers or

directly addressing each of the subparts sought originally in these Interrogatories, but these answers should include or address all of the subparts asked in the Interrogatories.

        D.       Interrogatory # 6

Finally, this Interrogatory asked plaintiff to

> "identify and describe in full each and every item of damage that you are claiming in this case, including, without limitation the following:
> "a.   a full description of the factual basis for each item or element of damage that you claim;
> "b.   the amount of each item or element of damage you claim;
> "c.   the components of each item or element of damage you claim; and
> "d.   how each item or element of damage was calculated; and,
> "e.   the identity of each person who has knowledge regarding the damages alleged in a, b, c, and d."

(Docket No. 32, Def. Atty. Decl. Ex. A.)

Plaintiff's response does not specify the factual basis for the claimed damage or itemize the components of damage. She merely presents the totals of income lost by her and her husband due to defendant's alleged discriminatory activities. For example, she claims that she lost substantial amounts of time at work and thus lost wages and benefits (cf. Docket No. 37, Ex. D, Amended Ans. to Interrogatory # 6), but her answer does not specify the dates of work lost and her wage rate during that period or the claimed reason why she lost the time. She also claims that, but for the discrimination and retaliatory actions of defendant, she would have been promoted to Postmaster by now (id.) but does not state the basis for her conclusion that she would have been appointed to that post. Plaintiff also failed to state the persons with knowledge of her claimed damages (aside from references to herself and her husband). Plaintiff **is ordered to amend and supplement her answer to Interrogatory # 6** and address the subparts of that Interrogatory.

9

II. Amended Schedule

As a result of resolution of this motion practice, the Fourth Amended Scheduling Order (Docket Nos. 29, 30) needs to be amended to afford the parties time to complete discovery, especially since the Court above ordered plaintiff to supplement her Interrogatory answers.

Defendant seeks to extend discovery deadlines by ninety days from entry of this Order (Docket No. 32, Def. Atty. Decl. ¶ 63), but only to complete his discovery (Docket No. 38, Def. Atty. Reply Decl. ¶ 29). Ninety days from entry of this Order is too generous an amount of time to conclude the remaining discovery in this action. Therefore, plaintiff's expert disclosure is due by **May 14, 2010**; defendant's expert disclosure is due by **June 7, 2010**; motions to compel further discovery are due by **June 14, 2010**; all discovery is to be completed by **July 14, 2010**.

As a result, dispositive motions are due by **October 14, 2010**, and referral of this matter to mediation shall conclude by **November 22, 2010**. The deadline for pretrial statements is **January 11, 2011**, and the Final Pretrial Conference shall be held on **Monday, January 31, 2011, at 9:00 am,** before Chief Judge Skretny. Jury selection and trial shall commence on **Tuesday, April 12, 2011, at 9:30 am,** again before Chief Judge Skretny, with the trial starting immediately following jury selection. All other dates (see Docket Nos. 29, 30) not affected by this Order remain in effect.

## CONCLUSION

For the reasons stated above, defendant's motion to compel (Docket No. 32) is **granted in part, denied in part** as discussed in this Order. Defendant's motion to reset the Scheduling Order (Docket No. 32) is **granted** and the amended schedule is set forth above.

So Ordered.

                                              /s/ Hugh B. Scott
                                            Honorable Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
       March 29, 2010