UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESE M. MENTO,

                        Plaintiff,

                                                                      **Hon. Hugh B. Scott**

                      v.

                                                                        08CV74S

                                                                        **Order**

JOHN E. POTTER, Postmaster General,

                        Defendant.

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C), but without authority to hear and report upon dispositive motions (Docket No. 8, May 8, 2008). Before the Court is another set of discovery motions (in a series of discovery motions filed in this case). First, defendant moves for sanctions for plaintiff's failure to comply with answer to an Interrogatory regarding plaintiff's damages or compelling plaintiff's response to that Interrogatory (Docket No. 52[1]); second, plaintiff moves for production of documents and presentation of them in an organized manner (Docket No. 54[2]); and third, defendant seeks a Protective Order against the deposition of various named witnesses and certain document

---

[1] In support of this motion, defendant filed his attorney's declaration (with exhibits), Docket No. 53, and his attorney's reply declaration, Docket No. 61. In opposition, plaintiff filed her attorney's declaration, Docket No. 57.

[2] In support of this motion, plaintiff filed her attorney's declaration (with exhibits) and memorandum of law, Docket No. 54, and her attorney's (second) declaration, and memorandum of law, Docket No. 62. In opposition, defendant filed (with his motion for a Protective Order, No. 58), his attorney's declaration, Docket No. 59.

production (Docket No. 58[3]).  Given the timing of these motions relative to the latest discovery deadlines in this case (Docket No. 51, discovery to be completed by February 2, 2011), the current Scheduling Order (Docket No. 51) was held in abeyance pending the disposition of these motions to compel or for a Protective Order (Docket No. 55).

Responses to the first defense motion were due by January 25, 2011, with replies due by February 4, 2011 (Docket No. 55), as were responses and replies to plaintiff's motion (id.). Responses to defendant's motion for a Protective Order were due by February 4, 2011, with argument of all three motions set for February 22, 2011 (Docket No. 60).  The motions were argued on February 22, 2011, and the Court reserved decision (Docket No. 63).

This is not the first motion to compel in this case (cf. Docket Nos. 19, 32; Docket No. 40, Order) and is far from the first adjustment of the Scheduling Order here (cf. Docket Nos. 16, 18, 24, 29, 41, 44-45, 49, 51).  Familiarity with the earlier Order regarding the motion to compel (Docket No. 40) and the procedural history is presumed.

## BACKGROUND

This is a Title VII action against the United States Postmaster General, in which plaintiff, a clerk at the United States Postal Service in Kenmore, New York, alleges sexual discrimination against her (Docket No. 1, Compl. ¶¶ 9-10, 13-16, 28-29).  Defendant answered on May 5, 2008 (Docket No. 5).

---

[3]In support of this motion, defendant filed his attorney's declaration, Docket No. 59.  In opposition, plaintiff submits her attorney's declaration (with exhibits) and memorandum of law, Docket No. 62.

*Defendant's Motion to Compel*

Defendant served Interrogatories and document demands upon plaintiff on January 8, 2009 (see Docket No. 32, Def. Atty. Decl. ¶ 6, Exs. A, B).  Pertinent to the pending motion, Interrogatory # 6 asked plaintiff to

> "identify and describe in full each and every item of damage that you are claiming in this case, including, without limitation the following:
> "a.   a full description of the factual basis for each item or element of damage that you claim;
> "b.   the amount of each item or element of damage you claim;
> "c.   the components of each item or element of damage you claim; and
> "d.   how each item or element of damage was calculated; and,
> "e.   the identity of each person who has knowledge regarding the damages alleged in a, b, c, and d."

(Docket No. 32, Def. Atty. Decl. Ex. A.)

After plaintiff failed to respond to these demands, defendant then moved for the first time to compel in July 2009 (Docket No. 19; see Docket No. 32, Def. Atty. Decl. ¶ 9, Ex. C).  Plaintiff responded to the discovery demands and made her initial disclosures on July 27, 2009 (Docket No. 32, Def. Atty. Decl. ¶ 10, Exs. D, E).  At defendant's request, this first motion was held in abeyance and a status conference was held (Docket Nos. 21, 23; see also Docket No. 32, Def. Atty. Decl. Ex. F).  When the Third Amended Scheduling Order was entered, defendant's initial motion to compel was terminated (Docket No. 24).

Defendant next reviewed plaintiff's discovery responses and found them to be "woefully inadequate" (Docket No. 32, Def. Atty. Decl. ¶ 12), concluding that plaintiff in some instances merely copied portions of her Complaint as responses (id. ¶ 13).  Meanwhile, plaintiff's attorney's former firm was in the process of dissolution and her attorney formed a new firm (Docket No. 37, Pl. Atty. Aff. ¶¶ 17-19).

On January 19, 2010, defendant filed his next motion to compel (Docket No. 32). There, defendant complained about the inadequacies in plaintiff's Interrogatory Answers and other production. Pertinent to the present motion, defendant complained about plaintiff's answers to Interrogatory # 6, which sought itemization of plaintiff's damages, which plaintiff did not furnish (id. ¶ 47, Ex. D).

On January 27, 2010, plaintiff served her amended Interrogatory Answers (id. ¶ 24, Ex. D; see also Docket No. 35, Def. Motion for Expedited Hearing, Def. Atty. Decl. Ex. A), wherein (among other contentions) she claimed that she itemized her damages in response to Interrogatory # 6 (Docket No. 37, Pl. Atty. Aff. ¶ 31).

Defendant, however, objected to plaintiff's amended Answers to Interrogatories (see also Docket No. 35, Def. Motion for Expedited Hearing, Def. Atty. Decl. ¶¶ 12-23, Ex. A), faulting plaintiff for providing (and then adding) estimated damage amounts in her Answer to Interrogatory # 6 (id. ¶¶ 20-24), and failing to answer subparts a.-e. for each claim (id. ¶¶ 25-26).

In granting in part defendant's motion to compel, this Court ordered plaintiff to amend her Interrogatory answer to # 6 by supplementing her answer to address the subparts of that query (Docket No. 40, Order at 9). In her supplemental Answer to that interrogatory, plaintiff lists the days in which she was either restricted from work or was not allowed to work at all or time she lost at work. She also stated her theory that, had she been allowed to work these periods, her bonuses and benefits would have increased. (Docket No. 53, Def. Atty. Decl., Ex. A, Pl. Ans. to Interrog., at 39-41). She stated generally her total wages lost in her present position and those wages had she been promoted to Postmaster as she expected (id. at 40). She objected to Interrogatory #6.c. as being vague and confusing and referred to her earlier answer to

4

Interrogatory #6.a. (id.). As for the response to Interrogatory #6.d., plaintiff took the number of days she was precluded from working and calculated her anticipated salary had she worked those days (id. at 41).

Defendant now moves to compel satisfactory answers to Interrogatory #6 (Docket No. 52). He contends that plaintiff has not served an original, signed and verified Answer to his Interrogatory (Docket No. 53, Def. Atty. Decl. ¶¶ 39-40) until eight months later (id. ¶ 41). Defendant faults her supplemental responses as being vague and not responsive (id. ¶¶ 42-45), without providing either details of her damage claims or the methodology for her damage calculation (id. ¶ 46). Defendant concludes this is an "ongoing and willful attempt to thwart her discovery obligations" (id. ¶ 49). Defendant seeks either sanctions barring plaintiff from offering proof of her damages at trial or to compel fully responsive answers (id. at pages 9-10).

Plaintiff argues that she did respond to Interrogatory #6 (Docket No. 57, Pl. Atty. Decl. ¶¶ 7-9, 11-12), noting her lack of understanding for #6.c. (id. ¶ 10). She claims that defendant never raised his objections to her supplemental answers for over four months until the last day of her deposition, on December 30, 2010, when defense counsel promised to write a letter describing his objections; that letter was never sent (id. ¶¶ 13-14, 17).

In reply, defendant still objects to plaintiff's answers to Interrogatory #6.b. as providing only estimated or approximate damage amounts (Docket No. 61, Def. Atty. Reply Decl. ¶ 6).

Given that one alternative defendant seeks, evidence preclusion, is dispositive, it is beyond the jurisdiction of the undersigned, see 28 U.S.C. § 636(b)(1)(A). This Order will address the alternative of compelling plaintiff to respond fully to the Interrogatory, cf. Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1495 (10th Cir. 1988) (magistrate may grant non-

dispositive fee aspect and recommend treatment of dispositive sanction request, citing 7 J. Moore, Moore's Federal Practice ¶ 72.04[2.-4], at 72-52 (1987), now 14 Moore's Federal Practice § 72.07 (2011)); Pauley v. United Operating Co., 606 F. Supp. 520, 522-23 (E.D. Mich. 1985) (no abuse of discretion for magistrate judge to issue report and recommendation where referral order did not include dispositive jurisdiction for discovery sanction).

*Plaintiff's Motion to Compel*

Plaintiff next moves to compel defendant to produce documents and organize and label them in the manner sought by plaintiff in the categories she outlined (Docket No. 54, Pl. Notice of Motion). Defendant had, after making "boilerplate" objections, referred plaintiff to over 6,000 documents as being responsive to her demands (id., Pl. Atty. Decl. ¶¶ 14-15). Defendant also did not answer her demand for documents regarding any claims against defendant before any state or federal court or agency "concerning sexual and/or disability discrimination and/or harassment and/or retaliation in employment from 1999 to the present" (id. ¶¶ 17-18, Request No. 6), claiming that she cannot effectively depose plaintiff's coworkers and defendant's former employees (id. ¶ 19). She seeks personnel documents and documents responsive to Request No. 6 regarding claims against defendant.

*Defendant's Motion for a Protective Order*

Plaintiff noticed the deposition of nine witnesses, other postal employees (Docket No. 58). In light of this, and in opposition to plaintiff's motion to compel, defendant moves for a Protective Order to strike the requests to depose those nine postal employees and for document production. First, defendant objects to the fact that the discovery demands were not signed or properly served upon him (Docket No. 59, Def. Atty. Decl. ¶¶ 17-35); second, defendant argues

6

that these discovery requests should be stricken because they were served within three days of the then-discovery deadline (id. ¶¶ 36-43); third, defendant had responded to plaintiff's document demands in the prior EEO proceeding, deeming his EEO response to be sufficient for document production (id. ¶¶ 45-50, 70-71). Defendant, in particular, faults Request No. 6 as being "obviously, ridiculously overbroad" (id. ¶ 64).

Plaintiff counters that she served, by regular mail, the document requests on November 12, 2010, that defendant claims it did not formally receive, but informally received on November 30, 2010 (Docket No. 62, Pl. Atty. Decl. ¶ 5, Ex. B (certificate of service); cf. Docket No. 59, Def. Atty. Decl. ¶¶ 19, 21-23). Defendant responded on December 30, 2010, without noting any objection to the method (or absence) of service (Docket No. 62, Pl. Memo. at 2; id., Pl. Atty. Decl. ¶ 6). Also on November 12, 2010, plaintiff served (again by regular mail) the deposition notices (id., Pl. Atty. Decl. ¶ 7, Exs. A (deposition notices), B (certificate of service)). On November 30, defense counsel indicated that he had not received these demands and, in an e-mail exchange, copies of them were sent to him by e-mail at defense counsel's request (id. ¶¶ 8, 13)[4]. Plaintiff has sought from the EEO proceeding and in this action the manager's files for plaintiff and for other employees similarly situated and those files had yet to be produced (id. ¶ 11). Plaintiff contends that defendant responded to the discovery demands and now cannot complain about defects in service to preclude responding to two categories of documents not responded to sufficiently (id. ¶ 15).

---

[4]Plaintiff explains that she e-mailed word processing copies of the notices and correspondence to defense counsel, rather than photocopies of the signed notices and letters on firm letterhead, Docket No. 62, Pl. Atty. Decl. ¶ 13.

**DISCUSSION**

I.  Applicable Standards

    A.  Motions to Compel

As previously stated (see Docket No. 40, Order at 6), discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  Rule 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).

    B.  Protective Order

Federal Rule 26(b)(2)(C) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Under Rule 26(c), this Court may issue a Protective Order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery.  Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); see id. R. 26(c)(1)(D) (limit the scope or the matters inquired into).  Under Rule 26(c), the Court has power to protect against abuses in discovery and broad discretion in issuing a Protective Order, Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 36 (1984).  The appropriateness of a Protective Order is a balance of the litigation needs of the requesting party

and the protectable interests of the party from whom discovery is sought, Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).

Similar to a motion to compel, under Rule 26(c) prior to obtaining a Protective Order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c).

II.     Defendant's Motion to Compel

Plaintiff's supplemental response to Interrogatory #6 attempts to address the concerns raised in the earlier Order compelling discovery, but it still provides only summary totals of income and benefits plaintiff expected to earn had she been allowed to work. The supplemental response still fails to itemize the components of damage (a point plaintiff stated she did not understand from the Interrogatory) (Docket No. 53, Def. Atty. Decl., Ex. A, Pl. Ans. to Interrog. at 39-41). She still claims that, but for the discrimination and retaliatory actions of defendant, she would have been promoted to Postmaster by now (id.) but she has not stated the basis for her conclusion that she would have been appointed to that post. Instead, she gave her speculation of what her salary and benefits would be had she been promoted. As for the alternative relief of compelling plaintiff to respond further, **she is ordered to amend and supplement her answer to Interrogatory # 6** and address the subparts of that Interrogatory in further detail, if she can. Given (as asserted in these Answers) the speculative nature of these damages beyond calculated income lost from time off from her present position, plaintiff may not be able to provide anything more than she has furnished. Defendant's motion to compel is **granted**.

4

Absent an amended referral, evidence preclusion relief has to be considered separately by Chief Judge Skretny.

III.     Plaintiff's Motion to Compel and Defendant's Protective Order

Plaintiff's motion to compel production of certain documents is tied to defendant's motion for a Protective Order against that production. There are two objections stated for this production, first, insufficient service of the discovery notices, second, overbroad and repetitive production of material already produced in the EEO proceeding.

   A.     Against Deposing Witnesses

Defendant's objection here stems from the failure to serve him with the deposition notices. Plaintiff claims that they were mailed with the document production notice (Docket No. 62, Pl. Atty. Decl., Ex. B). Even if defense counsel did not receive the notices and requests, he responded to the document production requests sent with the deposition notices without objection to the manner of service (or lack thereof). Service of discovery, see Fed. R. Civ. P. 5(a)(1)(C), is upon a party's attorney, served (among other methods) by mailing at the attorney's last known address and is complete upon mailing, id. R. 5(b)(1), (2)(C), and not upon receipt, see Porto Transport, Inc. v. Consolidated Diesel Elec. Corp., 21 F.R.D. 250, 251 (S.D.N.Y. 1957); see also Singh v. Wackenhut Corp., 252 F.R.D. 308, 309 (M.D. La. 2008). Plaintiff's counsel certifies that these notices and requests were mailed to defense counsel's office (id.).

So the only reason for defendant's motion for a Protective Order is due to defense counsel not receiving the original notices. This is not a sufficient burden or annoyance to warrant a Protective Order striking the notices. Defendant's motion for a Protective Order on this ground is **denied**.

B.     Against Repetitious Document Production

Defendant contends that plaintiff now seeks documents she already has from production in the prior EEO proceeding. Plaintiff, however, seeks manager's files on her and other, similarly situated employees that had not been produced in the EEO file. While defendant contends that he has produced plaintiff's personnel files (Docket No. 59, Def. Atty. Decl. ¶¶ 52-53), a fact conceded by plaintiff (see Docket No. 62, Pl. Atty. Decl. ¶ 11), and plaintiff fails to explain what more she wants (Docket No. 59, Def. Atty. Decl. ¶ 54), plaintiff now seeks the manager file of plaintiff and the eighteen other postal employees she is inquiring about.

Defendant also raises the burden of producing the records of eighteen present and former postal employees identified by plaintiff, with some of their records in archives in St. Louis, Missouri (id. ¶¶ 59-61).

As for the scope of plaintiff's Request No. 6, it is currently overbroad. Plaintiff is willing to restrict her request to claims within this District from 1999 to the present (see Docket No. 62, Pl. Atty. Decl. ¶ 16).

In producing the records of eighteen present and former employees and certain employment claims against the United States Postal Service from 1999, plaintiff appears to be seeking to show a pattern of defendant's treatment of similarly situated employees. But the scope of both requests is overbroad. To reduce defendant's burden, plaintiff's motion to compel is **granted in part, denied in part** (and defendant's motion for a Protective Order is **denied in part, granted in part**), with plaintiff Request No. 1 limited to nine employees to be named by plaintiff from the eighteen initially sought. As for her Request No. 6, plaintiff is limited to her proffered restriction to specified employment claims against defendant Postmaster General

11

arising from the Buffalo, New York, Plant from 1999 to **January 25, 2008**, the filing of this action.

V.      Amended Schedule

Finally, as a result of resolution of this motion practice, the Eighth Amended Scheduling Order (Docket No. 51) **is amended** to allow the parties time to complete discovery (especially complete the discovery discussed above).  Therefore, plaintiff's expert disclosure is due by **May 14, 2011**; defendant's expert disclosure is due by **June 7, 2011**; motions to compel further discovery are due by **June 14, 2011**; all discovery is to be completed by **July 14, 2011**.

As a result, dispositive motions are due by **October 14, 2011**, and referral of this matter to mediation shall conclude by **November 22, 2011**.  If no dispositive motions are filed, the deadline for pretrial statements is **January 11, 2012**, and the Final Pretrial Conference shall be held on **Wednesday, February 1, 2012, at 9:00 am,** before Chief Judge Skretny.  Jury selection and trial shall commence on **Tuesday, April 10, 2012, at 9:30 am,** again before Chief Judge Skretny, with the trial starting immediately following jury selection.  All other dates (see Docket No. 51) not affected by this Order remain in effect.

## CONCLUSION

For the reasons stated above, defendant's motion for sanctions for plaintiff's failure to answer fully an Interrogatory (Docket No. 52) is **deferred to Chief Judge Skretny**, and his alternative motion to compel that production (id.) is **granted**.  Plaintiff's motion to compel (Docket No. 54) is **granted in part, denied in part** as discussed above.  Defendant's motion for a Protective Order against the examination of the witnesses named by plaintiff (Docket No. 58) is **denied** and its motion for a Protective Order against producing certain documents is **denied in**

**part, granted in part** where plaintiff's motion to compel is granted in part, denied in part, again as discussed above.

As a result of action on these motion, the current Scheduling Order in this case (Docket No. 51) is **amended** as set forth above.

So Ordered.

                */s/ Hugh B. Scott*
                Honorable Hugh B. Scott
                United States Magistrate Judge

Dated: Buffalo, New York
   March 7, 2011