UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESE M. MENTO,

                Plaintiff,

                                                  **Hon. Hugh B. Scott**

                      v.

                                                  08CV74S

                                                    **Order**

JOHN E. POTTER, Postmaster General,

                Defendant.

Before the Court is yet another set of discovery and related procedural motions (in a series of discovery and procedural motions filed in this case[1]), this time it is plaintiff's motions (a) to compel discovery; (b) for further extension of an already extended Scheduling Order; and (c) for an expedited hearing (Docket No. 67[2]). Familiarity with the previous Orders regarding discovery (Docket Nos. 40, 64; see also Docket No. 23 (minute entry of Sept. 29, 2009, noting termination of Docket No. 19)) and amended Scheduling Orders (Docket Nos. 16, 18, 24, 29, 41, 44-45, 49, 51, 64, 66; cf. Docket No. 13 (original Scheduling Order, entered July 1, 2008)) is presumed[3]. The current Scheduling Order discovery deadlines were held in abeyance pending

---

[1] See Docket Nos. 19 (defendant's motions to compel and enlarge time), 32 (defendant's motion to compel), 34 (defendant's motion for expedited hearing), 52 (defendant's motion to compel), 54 (plaintiff's motion to compel), 58 (defendant's motion to compel).

[2] In support of this motion, plaintiff filed her attorney's declaration (with exhibits), Docket No. 67, and her attorney's reply declaration, Docket No. 70.

[3] See also Docket No. 69, Defense Attorney's Declaration ¶¶ 4-49 outlining the procedural history.

the disposition of these motions (Docket No. 68); thus, plaintiff's motion for an expedited hearing (Docket No. 67) is **deemed moot**.

Responses to this latest motion were due by June 28, 2011, with any reply due by July 8, 2011, and the motion was deemed submitted, without oral argument, on July 8, 2011 (Docket No. 68). Defendant filed a timely response through its counsel's declaration (with exhibits) (Docket No. 69), and plaintiff replied through her counsel's declaration (Docket No. 70).

## BACKGROUND

This is a Title VII action against the United States Postmaster General, in which plaintiff, a clerk at the United States Postal Service in Kenmore, New York, alleges sex discrimination, sexual harassment, discrimination due to her pregnancy, and retaliation against her (Docket No. 1, Compl. ¶¶ 9-10, 13-16, 28-29). Defendant answered on May 5, 2008 (Docket No. 5).

*Plaintiff's Present Motion to Compel*

Plaintiff now seeks to compel production of documents ordered by the Court in a previous discovery motion (Docket No. 67, Pl. Atty. Decl. ¶ 2, citing Docket No. 64, Order). In particular, plaintiff seeks documents of claims of discrimination arising from the Buffalo, New York, postal plant ("Buffalo Plant") from 1999 to January 25, 2008 (when this action was commenced), as well as employment records for nine named employees (Docket No. 67, Pl. Atty. Decl. ¶7; Docket No. 54, Pl. Atty. Decl. ¶¶ 17-18, Request No. 6), claiming that she cannot effectively depose those coworkers without these records (Docket No. 54, Pl. Atty. Decl. ¶ 19). She seeks these personnel documents and documents responsive to Request No. 6 regarding claims against defendant.

This Court, in the last round of discovery motions, ordered plaintiff to respond and supplement her interrogatory answer to defendant's question, denied defendant's motion for a protective Order against conducting depositions, and limited plaintiff's document request to specific documents (Docket No. 64, Order at 8-11). That Order also amended the Schedule (id. at 12), which was subsequently amended to have plaintiff's expert disclosure submitted by June 14, 2011 (Docket No. 66), and discovery conclude by July 14, 2011 (Docket No. 64, Order at 12).

Plaintiff forwarded copies of the deposition notices of employees she sought to examine and for which she sought employment records (Docket No. 67, Pl. Atty. Decl. ¶¶ 10-11). Defense counsel forwarded a list of lawsuits filed in this District against defendant between 1999 and 2008 and stated that he would require an Order to produce "other similar discrimination lawsuits filed in the Western District of New York" (id. ¶ 13, Ex. B; Docket No. 69, Def. Atty. Decl. ¶¶ 50-52, Exs. A, B). Defendant identified 43 similar cases filed against the Postal Service in federal court within the relevant period (Docket No. 69, Def. Atty. Decl. ¶ 51, Ex. B). Defense counsel emphasized that they needed to move discovery along with alacrity to avoid delays in retrieving sought records or locating employee witnesses (or former employees) (id. ¶¶ 53, 58), but defense counsel would not hear from plaintiff's counsel for a month at a time (id. ¶¶ 54, 59). Defendant concludes these motions should be denied because plaintiff failed to prosecute this action (id. ¶¶ 70-72), arguing that, had plaintiff pursued this case more aggressively, the discovery sought might have been obtained by now and these motions rendered unnecessary (id. ¶¶ 66, 73).

Plaintiff sought records not of federal actions filed in this District but also "all claims of sexual and/or disability discrimination and/or harassment and/or retaliation arising out of the Buffalo Plant from 1999 to January 25, 2008" (Docket No. 67, Pl. Atty. Decl. ¶ 17). Defense counsel responded that review of the U.S. Attorney's records for pending and prior lawsuits would take 75 to 90 days (id. ¶ 18), without mentioning the time for obtaining records regarding non-litigated complaints.

As for the employee records of the nine witnesses sought, defense counsel reported that the Postal Service was trying to locate the records, but two employees were located out of state and one had retired. Defense counsel could not give an estimate of how long producing those records would take. (Id. ¶ 16.) Defendant does not alternatively state how much time might be needed to complete the production sought by plaintiff if compelled further.

In reply, plaintiff notes that defendant has not produced anything responsive to this Court's previous Order (Docket No. 70, Pl. Atty. [Reply] Decl. ¶¶ 5, 13; cf. Docket No. 64, Order at 10-12). Plaintiff seeks claims of discrimination from the Western New York District of the United States Postal Service, not merely discrimination cases filed against the Postal Service in this judicial District (id. ¶ 8), stating those claims could be found from Postal Service records (id. ¶ 9).

## DISCUSSION

I.  Applicable Standard

    A.  Motions to Compel

As previously stated (see Docket No. 40, Order at 6; Docket No. 64, Order at 8), discovery under the Federal Rules is intended to reveal relevant documents and testimony, but

this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  Rule 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).

      B.      Modification of Scheduling Order

Under Rule 16(b)(4), a Scheduling Order "may be modified only for good cause and with the judge's consent."  Whether there is good cause exists is for the movant to establish, Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003); Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009), with a finding of good cause dependent upon "the diligence of the moving party," Grochowski, supra, 318 F.3d at 86; Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).  In this district, good cause has been defined in this context to mean that scheduling deadlines cannot be met despite the party's diligence, Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (Foschio, Mag. J.) (R&R, denying motion for leave to amend pleading due to delay from November 1995 scheduling order deadline to September 1996 proposal to stipulate to amendment and November 1996 cross-motion for leave to amend), adopted, 175 F.R.D. 439 (W.D.N.Y. 1997) (Arcara, J.).

II.     Application–Plaintiff's Motion to Compel

      A.      Records of Postal Service Employee Complaints 1999-2008

Plaintiff seeks complaints made to the Postal Service while defendant offers to present claims litigated in this Court, a subset of the complaints and claims lodged against the Postal

Service.  Defendant does not complain (or renew his earlier objection) that this production (even limited in time) is overbroad.  Defendant apparently has not attempted to seek non-federally litigated claims and complaints against the Postal Service relevant to plaintiff's demand.  Upon further consideration, even as restricted in the previous Order (Docket No. 64, Order at 11-12) to time and place, plaintiff's seeking all employment claims within the date range from the Buffalo Plant (litigated or not) appears to be burdensome.  Plaintiff's claims are sexual discrimination, sexual harassment, and a hostile work environment being subjected to different terms and conditions of work than non-pregnant employees, and retaliation due to her pursuing a protected activity under Title VII (Docket No. 1, Compl. ¶¶ 13-15, 130, 139-40, 149, 160).  Her inquiry into other claims against the Postal Service for sexual and/or disability discrimination and/or harassment and/or retaliation arising from the Buffalo Plant is overbroad even if the date range is restricted.  For example, disability discrimination would include far more than claims of discrimination by pregnant employees.  Plaintiff seeks claims arising within the Postal Service's Western New York district, a region that may not be coterminous with this judicial District.

      The identified federal cases, if produced, should be deemed satisfactory to plaintiff's demand absent a claim that this sample of the claims lodged against the Postal Service is not representative.  But defendant has yet to produce these records or renew its objections to their production on oppression or undue burden grounds.  When defendant made its motion for a Protective Order (Docket No. 58) initially in part it asserted burdensomeness grounds and defendant had not attempted to produce the documents sought.  Now defendant has an amplified record regarding the difficulties in obtaining these items.  With this history of attempting to

fulfill this request (albeit in part), defendant only argues that plaintiff has engaged in eleventh hour discovery and not stressed the burdens responding would entail.

Nevertheless, the present motion is <u>plaintiff's</u> motion to enforce the Order compelling this disclosure. Absent renewed arguments about the burden this production may take, plaintiff's timing or diligence in seeking these items is immaterial to whether she is entitled to obtain it. Plaintiff's motion to compel production of <u>all</u> claims and complaints (presumably[4] administrative, internal, external, as well as federally litigated claims and complaints) from the Postal Service in the Western New York district is **granted**.

B.  Witness Employee and Former Employee Records

Plaintiff next seeks the employment records of the nine Postal Service employee witnesses that plaintiff intends to depose. Defendant claims that he did not know whom plaintiff intended to depose until much later in this litigation (<u>see</u> Docket No. 69, Def. Atty. Decl. ¶¶ 55, 57, 60 (in May 13, 2011, defense counsel requesting the names of the nine witnesses, in June 8, 2011, plaintiff's counsel telling defense counsel the names)). The last round of discovery motions, where defendant sought a protective Order against producing these witnesses for depositions (Docket No. 58), should have put defendant on notice of the employee witnesses here (Docket No. 62, Pl. Atty. Reply Decl. ¶ 7, Ex. A (deposition notices, dated Nov. 12, 2010); Docket No. 67, Pl. Atty. Decl. ¶ 12, Ex. A (same, forwarded June 8, 2011); <u>cf.</u> Docket No. 59, Def. Atty. Decl. Ex. A, Pl. Document Demand Nos. 1, 3, 5 (listing the nine employees among document requests)). Plaintiff's motion to compel production of these records is **granted**.

---

[4] Plaintiff has not described the scope of her request here.

III.    Amended Schedule

Finally, plaintiff moves to extend further the schedule for this action, given that her motion came close to the current discovery deadline of July 14, 2011.  Plaintiff, however, does not state how much time she would need to complete her discovery, although in her previous request to defendant (noted above) defendant claimed that the document retrieval of prior lawsuits would take up to 90 days (see Docket No. 67, Pl. Atty. Decl. ¶ 18) but without any statement of the time necessary to obtain some of the witness employees' employment records.  Defendant objects, noting that plaintiff had delayed seeking discovery and took little to no action in moving discovery forward (Docket No. 69, Def. Atty. Decl. ¶¶ 70-74).

Plaintiff has taken her time in conducting her discovery.  With the decision above granting her motion to compel, it would be incongruous to then effectively deny that production by denying her an extension of time to receive this material.  When the Court scheduled the briefing for this motion it addressed plaintiff's third motion for an expedited hearing by removing the reason for an expedited hearing–the pending discovery deadline.  Plaintiff has shown good cause from defendant's failure to produce the requested documents leading to this round of motions.

As stated above, granting an extension of the schedule here would be the tenth granted in this action, in a relatively straight forward Title VII action.  Most of the earlier extensions were sought by mutual consent of the parties (see Docket Nos. 15, 17, 27-28, 50; Docket No. 43, Def. Atty. Decl. ¶ 17; Docket No. 47, Def. Atty. Decl. ¶ 11), with some of the earlier delays being due to scheduling the depositions of the plaintiff and her husband, a pilot operating out of Kuwait (see Docket No. 43, Def. Atty. Decl. ¶¶ 7-12).  The Court's willingness to extend for an eleventh

time or more has waned.  Discovery in this action must be completed and concluded.  The schedule below, granting 120 days to complete outstanding discovery, should enable the parties to complete it and move this case closer to a resolution.

As a result, the Ninth Amended Scheduling Order (Docket No. 64), as amended (Docket No. 66), **is amended one final time**.  Therefore, plaintiff's expert disclosure is due by **August 11, 2011**; defendant's expert disclosure is due by **September 26, 2011**; motions to compel further discovery are due by **October 11, 2011**; all discovery is to be completed by **November 9, 2011**.  More than ample time is granted to allow for completion of all outstanding discovery and whatever additional inquiries that may arise from that discovery so that the parties will not return to the Court for yet a further extension.

As a result, dispositive motions are due by **February 9, 2012**, and referral of this matter to mediation shall conclude by **January 23, 2012**.  If no dispositive motions are filed, the deadline for pretrial statements is **March 16, 2012**, and the Final Pretrial Conference shall be held on **Wednesday, April 4, 2012, at 9:00 am,** before Chief Judge Skretny.  Jury selection and trial shall commence on **Tuesday, June 12, 2012, at 9:30 am,** again before Chief Judge Skretny, with the trial starting immediately following jury selection.

**NO FURTHER MOTIONS FOR EXTENSION OF THIS SCHEDULE SHALL BE ENTERTAINED BY THIS COURT.**

## CONCLUSION

For the reasons stated above, plaintiff's motion for an expedited hearing (Docket No. 67) is **deemed moot**, her motion (id.) to compel is **granted**, and her motion (id.) to extend the Scheduling Order is **granted**, upon the amended schedule stated above.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 18, 2011