UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

THERESE M. MENTO,

               Plaintiff,

v.                                             **ORDER**
                                                    08-CV-74S

PATRICK R. DONAHOE,
POSTMASTER GENERAL,

               Defendant.

        1.        On February 13, 2012, Defendant filed a Motion to Seal Document. (Docket No. 74.) Specifically, Defendant requests permission to file his Motion for Summary Judgment, consisting of a 42-page Declaration, 27 Exhibits to that Declaration, a 29-page Statement of Undisputed Facts, and a 24-page Memorandum of Law, under seal.

        2.        Defendant's Motion to Seal Document is premised on the belief that redacting the private information contained in these documents would be impractical, and filing it under seal is necessary to comply with a Protective Order, dated August 13, 2009, signed by the Honorable Hugh B. Scott, United States Magistrate Judge. (Docket No. 22.)

        3.        Judge Scott's "Confidentiality Agreement and Protective Order" states that the parties have stipulated and agreed that "Defendant will not disclose to the public or to other employees, any and all information obtained by Defendant concerning Plaintiff's medical condition and/or psychological condition and/or financial circumstances, including but not limited to, medical, psychiatric, psychological and/or counseling records, employment records, personnel records, and financial records." (Docket No. 22, ¶ 1.) However, the order goes on to state that "[n]othing contained in this Agreement and Order . . . shall operate as an admission by the parties that any particular document or

information is, or is not, confidential." (Docket No. 22, ¶ 6.)  Further, "[n]othing in this Agreement and Order shall affect the admissibility, or non-admissibility, of documents or other evidence at trial."  (Docket No. 22, ¶ 7.)  Indeed, documents designated as confidential by either party may still be offered into evidence in open court, unless an appropriate protective order is first sought.  (Id.)

4. Local Rule 5.3(a) provides that there is a presumption in favor of making documents accessible to the public.  This presumption is only overcome upon a "substantial showing" that restricting access is necessary.  "In most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need."  In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994).  This typically involves a careful review of each document a party wishes to file under seal.  See City of Hartford v. Chase, 942 F.2d 130, 137 (2d Cir. 1991) (Pratt, J., concurring) (observing that without careful document-by-document review, "a sealing order represents little more than an imprimatur reflexively placed on determinations that have been made by the parties").  A blanket sealing order is rarely, if ever appropriate.  Rossi v. West Bd. of Educ., No. 3:03CV1247, 2005 WL 839661, at *1 (D. Conn. Apr. 8, 2005).

5. In the present case, Defendant has only stated that redacting the private information in the documents sought to be sealed would be "impractical."  Defendant has made no effort to identify specific documents to be sealed, but has instead proposed to seal every document attached to his Motion for Summary Judgment.  No attempt to redact any of the voluminous submissions has been made.  Moreover, Judge Scott's Order in no way precludes admission of any of the information contained in these exhibits at open trial.

6.    Given what this Court can only describe as a blanket attempt to seal hundreds of pages worth of documents without any attempt having been made at differentiating between those that should be sealed and those that can be safely redacted, this Court finds that Defendant's motion should be denied.

Accordingly, IT HEREBY IS ORDERED, that Defendant's Motion to Seal Document (Docket No. 74) is DENIED.

SO ORDERED.

Dated:  February 14, 2012
        Buffalo, New York

                                                                     s/William M. Skretny
                                                                     WILLIAM M. SKRETNY
                                                                            Chief Judge
                                                    United States District Court